# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**MARGIE BROWN on behalf of herself and those similarly situated,**

            **Plaintiff,**

-vs-                                         **Case No.  2:08-cv-413-FtM-99DNF**

**COMPASS ROSE FOUNDATION, INC. , a Florida corporation,**

            **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

The parties filed a Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Doc. 20) on August 7, 2008. The Plaintiff, Margie Brown and the Defendant, Compass Rose Foundation, Inc. are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss this case with prejudice. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Stores , Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the

proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff was employed by the Defendant and performed book store activities. (Complaint, Doc. 1, ¶2). The Plaintiff was represented by counsel throughout this litigation. The Plaintiff estimates that she worked from 200 to 400 hours of overtime and received a salary in the amount of $1190.00 twice a month. (Doc. 20, p. 2). The calculation for her hourly rate was $14.88. (Doc. 20, p. 2). Plaintiff determined that she was owed between $1488.00 to $8,928.00. (Doc. 20, p. 2). The Plaintiff's initial demand was for $22,000.00 inclusive of attorney's fees, costs, and liquidated damages. (Doc. 20, p. 2). The parties negotiated a settlement and agreed to the amount of $5,500.00 to be paid to the Plaintiff for overtime wages as well as liquidated damages. (Doc. 20, p. 3). The parties also agreed that the Defendant should pay attorney's fees in the amount of $4,530.06 and costs in the amount of $469.94. (Doc. 20, p. 3). Counsel expended 15.9 hours in the case, at an hourly rate of $300.00 per hour. (Doc. 20, p. 3). The Court finds that the settlement in the amount of $10,500.00 is fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Doc. 20) be granted, and the settlement be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __11th__ day of August, 2008.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record